**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TOM BEAN, | No. CV 07-8063-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| MCDOUGAL LITTELL, A DIVISION OF HOUGHTON MIFFLIN COMPANY, AND R.R. DONNELLEY & SONS COMPANY, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss the Complaint (Doc. # 14). The Court has considered Plaintiff's Complaint (Doc. # 1), Defendants' Notice of Supplemental Authority in Support of Motion to Dismiss Complaint (Doc. # 18), Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Complaint (Doc. # 21), and Defendants' Reply in Support of Their Motion to Dismiss Complaint (Doc. # 22). For the following reasons, the Court will deny Defendants' Motion.

**I.   BACKGROUND**

Defendant McDougal Littel, a division of Houghton Mifflin Company ("McDougal"), is a textbook publisher.  Defendant R.R. Donnelley and Sons Company ("R.R. Donnelley") is a printer of textbooks.  Plaintiff Tom Bean ("Bean") is a professional photographer who created and owns a photograph entitled, "Ruins of Anasazi Granaries at Nankoweep above

the Colorado River, Grand Canyon National Park" ("the photograph"). In 1998, Bean sold McDougal limited licenses to copy and print 45,000 total copies of the photograph for use in three of McDougal's textbooks.

In 2007, Bean brought suit against McDougal and R.R. Donnelley for copyright infringement and against McDougal for fraud. Bean alleges that McDougal exceeded its license to print 45,000 copies of the photograph and used the photograph in a new textbook edition, without obtaining Bean's authority or permission. Bean maintains that McDougal intentionally made misrepresentations to him in order to obtain access to the photograph at a lower cost. Bean further alleges that R.R. Donnelley printed the textbooks in excess of the licensed amount, and therefore infringed upon his copyright as well. Bean claims that the copyrights in the photograph were properly registered before Defendants' alleged infringement. McDougal and R.R. Donnelley filed a Motion to Dismiss the Complaint on October 1, 2007, arguing that the Court lacks subject matter jurisdiction over the claims and, in the alternative, that the fraud claim is preempted by the Copyright Act.

## II. ANALYSIS AND CONCLUSION

*A. Lack of Subject Matter Jurisdiction*

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can take one of two forms. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It can be a "facial attack," in which case "the challenger asserts that the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Or it can be a "factual attack," in which case the challenger asserts that federal jurisdiction does not exist in fact. *Id.* Defendants have limited their motion to a facial attack. (Doc. # 14 at 1-2, 5; Defs.' Reply at 2.)

In resolving a facial attack under Rule 12(b)(1), the district court must accept the allegations of the Complaint as true and draw all reasonable inferences in favor of the plaintiff. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Such a jurisdictional attack

will succeed "only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Denney v. DEA*, 508 F. Supp. 2d 815, 824 (E.D. Cal. 2007).

Here, Bean alleges federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338. (Compl. ¶ 6.) Bean's Complaint states that McDougal infringed upon his copyrights in the photograph in violation of 17 U.S.C. § 501. (Compl. ¶ 23.) Bean also claims that R.R. Donnelley violated his copyright under 17 U.S.C. § 106(1) by making unauthorized reproductions of the copyrighted photograph. (Compl. ¶ 29.) Defendants, however, contend that the copyrights in the photograph were not properly registered and that, as a result, this Court does not have jurisdiction over Bean's copyright infringement claims. (Doc. # 14 at 1-2.)

It is true that in order for the Court to have subject matter jurisdiction over these claims, the photograph must have been properly registered with the Copyright Office. 17 U.S.C. §§ 411(a), 412. However, whether the photograph was properly registered *in fact* is beyond the limited inquiry that a facial attack permits. Bean alleges that "[t]he copyrights in [the photograph] were registered before McDougal's improper and unauthorized use." (Compl. ¶ 9.) Accepting the allegations of the Complaint as true, and drawing all reasonable inferences in favor of the plaintiff, this allegation sufficiently alleges the jurisdictional prerequisite of registration. Thus, Bean's Complaint is sufficient on its face to invoke subject matter jurisdiction.[1]

*B. Preemption of the Fraud Claim*

A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief may be granted" but may not do so "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)). "The federal rules require only a 'short and

---

[1] Because Defendants limited their motion to a facial attack, the Court did not consider the exhibits attached to Bean's Reponse. (Doc. # 21.)

plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (internal citations omitted). The Court must accept all material allegations in the Complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Further, the Complaint must be read in the light most favorable to the plaintiff. *See id.* "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Gilligan*, 108 F.3d at 249 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

McDougal asserts that Bean's fraud claim should be dismissed under Rule 12(b)(6) because it is preempted by the Federal Copyright Act. 17 U.S.C. § 301. The cases cited by both parties agree that section 301 establishes a two-part test for preemption. *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004). "Claims under state law are preempted where: (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are equivalent to any of the exclusive rights within the general scope of copyright. *Id.* (internal quotations omitted). In this case, it is not in dispute that the photograph comes within the subject matter of copyright. (Doc. # 14 at 9.) In order for Bean's claim to survive preemption under the second element of the test, his stated cause of action must "protect rights which are qualitatively different from copyright rights." *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989). The claim must have an "extra element" which changes the nature of his action from a copyright claim. *Id.*

Under Arizona law, "a fraud cause of action requires proof of misrepresentation," an element absent from a copyright infringement claim. *Giddings v. Vision House Prod., Inc.*, No. CV 05-2963-PHX-MHM, 2007 WL 2274800, at *3 (D. Ariz. Aug. 7, 2007); *see also Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1027 (D. Ariz. 2003) (stating that nine elements must be sufficiently pleaded by the plaintiff in Arizona to

- 4 -

1 maintain an action for fraud: "(1) a representation, (2) its falsity, (3) its materiality, (4) the
2 speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it be
3 acted upon by the recipient in the manner reasonably calculated, (6) the hearer's ignorance
4 of its falsity, (7) the hearer's reliance on its truth, (8) the right to rely on it, and (9) a
5 consequent and proximate injury"). McDougal, however, argues that, despite the extra
6 element of misrepresentation, there is no "*per se* rule that fraud is never preempted [by the
7 Copyright Act]." (Defs.' Reply at 6-7.) McDougal cites *Giddings*, a case from this district,
8 for support. 2007 WL 2274800. There, the court held that an alleged misrepresentation did
9 not constitute an extra element that distinguished the plaintiff's fraud claim from her
10 copyright infringement claim. *Id.* at *3.

11 Although the Court agrees that the element of misrepresentation is not enough, by
12 itself, to prevent a fraud claim from being preempted by the Copyright Act, the Court finds
13 that, under the facts of this case, the fraud claim is not preempted. In *Valente-Kritzer*, the
14 Ninth Circuit held that intentionally misrepresenting one's intent to perform a contract at the
15 time the contract is formed is "not substantially equivalent to [the] claim for copyright
16 infringement." 881 F.2d at 776. The court stated that this particular misrepresentation is a
17 sufficient extra element to distinguish a fraud claim from a copyright action. *Id.*

18 Here, Bean specifically alleges that at the time of licensing McDougal falsely
19 represented that it sought to print only 45,000 copies of the photograph because McDougal
20 knew that "its actual use would greatly exceed that number." (Compl. ¶ 12.) Bean's
21 Complaint also states that McDougal did this in order to "obtain access to the photograph at
22 a lower cost than it would have paid." (*Id.* ¶ 13.) In assuming these facts to be true and
23 reading them in a light most favorable to Bean, the Court concludes that, as in the case of
24 *Valente-Kritzer*, McDougal's alleged misrepresentation during the dealing for the licenses
25 provides an extra element which distinguishes the nature of Bean's fraud action from a
26 copyright claim. Therefore, Bean's fraud claim is not preempted by the Copyright Act.
27
28

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. # 14) is **DENIED**.

DATED this 6th day of March, 2008.

_____
James A. Teilborg
United States District Judge